UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-20220-CR-JORDAN/MCALILEY

UNITED STATES OF AMERICA

v.

MERCATOR SHIP MANAGEMENT, S.A.
    d/b/a BERNUTH LINES

Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION FOR A JOINT PLEA AND SENTENCING HEARING AND TO WAIVE A PRE-SENTENCE INVESTIGATION REPORT

COMES NOW, defendant MERCATOR SHIP MANAGEMENT, S.A., d/b/a BERNUTH LINES (hereinafter "Mercator"), by and through its undersigned attorneys, and submits this unopposed Motion for a Joint Plea and Sentencing Hearing and to Waive a Pre-Sentence Investigation Report. A Joint Plea and Sentencing hearing is appropriate as the information contained in the record is sufficient to enable the Court to exercise its sentencing authority pursuant to 18 U.S.C. § 3553, and a single hearing will save valuable judicial resources. Under these circumstances, a pre-sentence investigation report is also unnecessary.

## ANALYSIS

Federal Rule of Criminal Procedure Rule 32(c)(1)(A)(ii)[1] provides the Department of Probation shall conduct a pre-sentence investigation and submit a report to the Court before the Court imposes sentence, **unless the court finds that the information in the record enables it to meaningfully exercise its sentencing authority pursuant to 18 U.S.C. §3553.** *See* Fed. R.

---

[1] "The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless: (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record." *See* Fed. R. Crim. P. Rule 32(c)(1)(A)(ii).

Crim. P. Rule 32(c)(1)(A)(ii)(emphasis added). The Federal Sentencing Guidelines also authorize the Court to sentence a defendant without a pre-sentence investigation report where the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority pursuant to 18 U.S.C.S. § 3553. *See* U.S.S.G. § 6A1.1(a)(2)[2]

In this matter, a pre-sentence report is not necessary as the Court has sufficient facts in the record, specifically in the Information and Plea Agreement, to ensure that it can exercise its sentencing authority and accept the plea agreement entered into by the government and Mercator pursuant to Fed. R. Crim. P. Rule 11(c)(1)(B)[3]. *See United States v. Brown*, 557 F.3d 297, 300 (6th Cir. 2009) (holding presentence reports are never mandatory and Court has discretion to sentence defendant without pre-sentence report); *see also* Exhibit A, Information, dated March 26, 2011 (setting forth in detail factual basis and legal framework for charges pending against Mercator); Exhibit B, Plea Agreement, dated April 13, 2011 at ¶1 (providing detailed factual information concerning conduct of crewmembers of the M/V NERA II which provides the basis for the corporate defendant's guilty plea).

When, as here, the Court has the defendant's criminal history (in this action none), the complete structure of the jointly proposed sentence and the joint factual submission for the charges, there is an ample basis to conduct a joint plea and sentence hearing without requiring the submission of a Pre-Sentence Investigation report. *See Brown*, 557 F.3d at 300.

---

[2] "The probation officer must conduct a pre-sentence investigation and submit a report to the court before it imposes sentence unless. . . (2) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority pursuant to 18 U.S.C. §3553, and the court explains its findings on the record". U.S.S.G. § 6A1.1(a)(2).

[3] "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or *nolo contendere* to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. . ." Fed. R. Crim. P. Rule 11(c)(1)(B).

### Mercator Is a First-Time Offender

Mercator has never previously been convicted of any criminal offense in the United States or in any other country. As such, Mercator has no criminal history and there is no need for a Pre-Sentence Investigation report to provide the Court with the defendant's criminal history. *See Brown*, 557 F.3d at 300.

### The Information And Plea Agreement Contains A Detailed Recitation Of The Facts

The Plea Agreement and the agreed facts contained therein is the product of intense and good faith negotiations between counsel for the United States and Mercator. These negotiations resulted in the parties setting forth a comprehensive statement of facts in the Plea Agreement that provides exhaustive details concerning the events giving rise to this action.[4] Similarly, the Information provides: (1) corporate background information for Mercator; (2) a description of the vessel involved in this action, the M/V NERA II; (3) the relevant factual background for the conduct of the vessel's crew; and, (4) the legal framework for the charges brought against Mercator.[5]

As set forth in the Information and Plea Agreement, Mercator has agreed that it is vicariously liable[6] for the acts and omissions of the crewmembers of the M/V NERA II. *See* Exhibit A, at Counts 1-2, ¶ 2, and Exhibit B, at ¶ 1. Specifically, the pleadings set forth facts that establish that the officers and crewmembers of the M/V NERA II, each of whom was acting within the scope of his employment and for the intended benefit of Mercator, permitted Hydrox

---

4 *See* Exhibit B at Paragraph 1.
5 *See* Exhibit A, Information, dated March 26, 2011.
6 A corporation acts only through its agents and employees, that is, those agents and employees or other persons authorized or employed to act for it. In order for a vessel owner or operator to be found liable for the alleged acts of its employees and/or agents, such agents or employees must act within the scope of his agency or employment. *See United States v. Beusch*, 596 F.2d 871, 877 (9th Cir. 1979); *see also United States v. Cincotta*, 689 F.2d 238, 241-32 (1st Cir. 1982); *United States v. DeMauro*, 581 F.2d 50, 54 n.3 (2d Cir. 1978). It is not necessary that the corporation specifically authorize the agent to commit the act. *See id.* Instead, a corporation is legally bound by the acts and statements of its agents done or made within the scope of their employment. *See id.*

Bio 68 lubricating oil to leak from the vessel's stern tube and propeller systems into the navigable waters of the United States on at least two occasions. *See id.* These facts provide an ample basis for Mercator to plead guilty to Court Two of the Information, as the defendant has acknowledged it is vicariously liable for the knowing discharged of oil into and upon the navigable waters of the Unites States in such quantities as may be harmful, in violation of 33 U.S.C. §§ 1321(b)(3) and 1319(c)(2)(A), on January 4, 2011. *See* Exhibit A at Count 2; *see also* Exhibit B, at ¶ 2.

The record also provides all of the details necessary for the Court to exercise its sentencing authority and accept the jointly recommended sentence contained in the Rule 11(c)(1)(B) Plea Agreement.

**The Joint Sentence Proposal Sets Forth The Complete Structure Of The Sentence**

The Plea Agreement contains a joint sentence proposal which includes: (1) a substantial fine;[7] (2) a significant community service payment;[8] (3) a comprehensive Environmental Compliance Plan ("ECP");[9] and, (4) a one (1) year term of probation.[10] The sentence goes beyond imposing penalties to punish unlawful behavior, but instead imposes on Mercator a Court monitored structure that will enable it to rehabilitate itself and ensure it complies with all U.S. and international maritime environmental regulations.

The parties have agreed that a $100,000 fine is reasonable and satisfies the requirements of 18 U.S.C. § 3553. *See* Exhibit B at ¶ 7. It must be noted that the statutory maximum fine applicable in this matter is $50,000 per day of violation, or a total fine of $100,000 for the discharge of Hydrox Bio 68 lubricating oil on July 21, 2010 and January 4, 2011. Having never

---

7 *See* Exhibit B at ¶ 7.
8 *See* Exhibit B at ¶ 8.
9 *See* Exhibit B at ¶ 6 and Attachment "A" of the Plea Agreement.
10 *See* Exhibit B at ¶ 5.

previously been convicted of any criminal offense, a fine that is equal to the statutory maximum penalty is substantial. It must also be noted that 50% of the total monetary penalty is a community service payment.[11] Specifically, the parties have recommended that $50,000 of the total fine be allocated to the South Florida National Parks Trust as a community service payment by Mercator.[12] In addition to the monetary penalty, Mercator will also incur significant costs to implement, comply with and fund the ECP as set forth below.

The implementation of an effective ECP is a significant consideration in the Sentencing Guidelines. *See* U.S.S.G. §8D1.4 (recommending as a condition of probation an effectively compliance plan in accordance with the requirements of U.S.S.G. § 8B2.1[13]). The ECP further satisfies the requirements of 18 U.S.C. § 3553(a)(2), by ensuring Mercator engages in lawful conduct in the future and meaningfully rehabilitates itself.[14] This is accomplished through the ECP's overlapping layers of internal and external supervision and monitoring, which are implemented at Mercator's sole expense.

The ECP requires Mercator to appoint a Corporate Compliance Manager (hereinafter "CCM") to ensure Mercator complies with all requirements of the ECP. In this regard, the CCM is required: (1) to develop and maintain effective training programs for all Mercator personnel in order to ensure the shore-side and vessel personnel comply with the ECP and all applicable environmental laws and regulations; (2) to supervise a fleet review to ensure all vessels technically managed by Mercator comply with the ECP; and, (3) to establish a system that will

---

11 *See* Exhibit B at ¶ 7.
12 *See id.*
13 "To have an effective compliance and ethics program, for purposes . . . §8D1.4 . . .an organization shall—(1) exercise due diligence to prevent and detect criminal conduct; and (2) otherwise promote an organizational culture that encourages ethical conduct and a commitment to compliance with the law. Such compliance and ethics program shall be reasonably designed, implemented, and enforced so that the program is generally effective in preventing and detecting criminal conduct." U.S.S.G. § 8B2.1.
14 Valid conditions of probation must promote the probationer's rehabilitation without being unnecessarily harsh or excessive. *See United States v. Tolla*, 781 F.2d 29, 32 (2d Cir. 1986).

allow Mercator personnel to report (anonymously, if desired), any non-compliance with the ECP and/or U.S. and international environmental laws and regulations.[15]

The CCM is also required to implement the suggestions and recommendations made by an Independent ECP Consultant (hereinafter "IC").[16] The ECP requires the IC perform an "Environmental Review" by auditing all vessels that are technically managed by Mercator that are subject to the ECP.[17] Following the IC's Environmental Review, the IC will issue a Report of Findings.[18] The ECP requires the CCM to respond to the Report of Findings and address all recommendations made by the IC following the Environmental Review.[19] Specifically, within thirty (30) days of the conclusion of the IC's Environmental Review, the CCM will draft Corrective Action Plans for all deficiencies found by the IC.[20] The Corrective Action Plans will identify the root cause for these deficiencies, and set forth a comprehensive plan to ensure future compliance. Mercator will distribute the Corrective Action Plans to the IC, the United States Probation Office, the U.S. Coast Guard, and to the U.S. Attorney's Office for the Southern District of Florida. Within sixty (60) days of issuing the Corrective Action Plans, the CCM shall report on the status of implementation of each corrective action to each of the aforementioned authorities.

The purpose of the Environmental Review and Corrective Action Plan is: (1) to make all Mercator's shoreside and vessel personnel aware of actions, processes and measures that Mercator implements to comply with the ECP; (2) to improve Mercator's existing management systems with particular attention to Mercator's environmental processes and detection and

---

15 See Exhibit B, Attachment A, at pp. 3-4 (setting forth CCM duties).
16 See id. at ¶ D(The ECP requires Mercator and the government to jointly nominate three candidates for the IC position. The Court shall select one of the IC candidates from the list and notify the United States and Mercator of the selection.).
17 See id. at ¶¶ D(4), (5) and (6).
18 See id. at ¶¶ D(8).
19 See id. at ¶¶ D and E.
20 See id. at ¶ E.

prevention of safety and environmental violations; (3) to promote actions to prevent damage to the environment; and, (4) to ensure all Mercator activities will systematically meet and exceed all U.S. and international marine environmental regulations.

Mercator will be responsible for paying the substantial costs associated with implementing the ECP. In addition to the significant costs to be incurred when the IC audits vessels that are technically managed by Mercator, Mercator will be required to cover all costs associated with drafting and implementing the Corrective Action Plans. Notwithstanding the financial burden of the ECP, Mercator has agreed to implement the ECP as part of its sentence because Mercator deeply values compliance with all applicable U.S. and international environmental regulations and is anxious to transform itself into a model corporate citizen.

## Conclusion

For the reasons more fully set forth above, Mercator respectfully requests the Court grant its unopposed motion to waive a Pre-sentence Investigation Report and permit Mercator to enter a plea and be sentenced at the same hearing.

Dated: April 14, 2011

Respectfully Submitted,
  /s/_____
Patrick E. Novak (838764)
Horr, Novak & Skipp, P.A.
One Datran Center, Suite 1104
9100 S. Dadeland Blvd.
Miami, FL 33156
Tel: (305) 670-2525
Fax: (305) 670-2526
Email: patrickn@admiral-law.com

Michael G. Chalos, Esq.
Brian T. McCarthy, Esq.
Chalos, O'Connor & Duffy, LLP
366 Main Street
Port Washington, NY 11050
Phone: (516) 767-3600
Fax:    (516) 767-3605

                                        Email: mchalos@codus-law.com
                                                       bmccarthy@codus-law.com
*Attorneys for the Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-22020-CR-JORDAN/MCALILEY

UNITED STATES OF AMERICA

v.

MERCATOR SHIP MANAGEMENT, S.A.
　　　d/b/a BERNUTH LINES

　　　Defendant.
_____/

**PROPOSED ORDER GRANTING DEFENDANT'S UNOPPOSED
MOTION FOR A JOINT PLEA AND SENTENCING
<u>HEARING AND TO WAIVE A PRE-SENTENCE INVESTIGATION REPORT</u>**

THIS CAUSE having come before the Court on the Defendant's Unopposed Motion for a Joint Plea and Sentencing Hearing and to Waive a Pre-Sentence Investigation Report. This Court having considered the motion and all other relevant factors, it is hereby

ORDERED and ADJUDGED that:

The Defendant's Unopposed Motion for a Joint Plea and Sentencing Hearing and to Waive a Pre-Sentence Investigation Report is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this _____ day of April 2011.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Hon. Adalberto Jordan
　　　　　　　　　　　　　　　　　　　　　United States District Judge

9

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading was sent via electronic mail, or electronic filing, this 14 day of April, 2011, to all parties on the attached service list.

/s/
Patrick E. Novak (838764)
Email Address: patrickn@admiral-law.com

## SERVICE LIST

**Jaime A. Raich, Esq.**
jaime.a.raich@usdoj.gov
United States Attorney's Office
99 N.E. Fourth Street, Suite 416
Miami Beach, FL 33132
Tel: (305) 961-9124
Fax: (305) 536-4651